González et al., Demandantes y Apelantes, *v.* González, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Humacau en pleito sobre división de comunidad.

No. 2647.—Resuelto en junio 20, 1922.

División de Comunidad—Inscripción—Causa de Acción.—No es requisito indispensable que el título hereditario esté inscrito para que unos herederos puedan demandar judicialmente de otros la división de la comunidad.

Nonsuit.—A virtud de una moción de *nonsuit* la corte no debe tratar de considerar la prueba sino que ha de resolver si el demandante ha probado un caso *prima facie.*

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. F. González.*

Abogado de la apelada: *Sr. F. Cervoni.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta fué una acción sobre división de comunidad de una propiedad consistente principalmente en una casa que alegaron los demandantes era indivisible. En el juicio la demandada presentó una moción de sobreseimiento (*nonsuit*) que la corte consideró, dictando sentencia a favor de la demandada.

Tienen razón los apelantes al sostener que la corte incurrió en error al declarar que los demandantes y la demandada no eran los únicos dueños de la finca. Los demandantes y la demandada obtuvieron una declaratoria de herederos de Valeriana Franquis y Ramos y como tales le sucedieron en todos sus derechos desde el momento de su muerte. Código Civil, artículos 664 y 665. *Velilla* v. *Pizá et al.,* 17 D. P. R. 1117. La susodicha Valeriana Franquis era la dueña de la finca en cuestión. Esta finca parece ser la única propiedad dejada por la causante y por tanto no puede ser distribuída entre los herederos como ocurre tal vez cuando hay varias propiedades.

La corte pareció creer que antes de que pudiera hacerse una división debió haberse inscrito el título de estos herederos en el registro de la propiedad. Estamos enteramente de acuerdo con los apelantes en que toda vez que había una inscripción a nombre del causante los herederos hubieran tenido derecho a una inscripción y lo mismo cualquier comprador de ellos. Pero convenimos más particularmente en que en una partición de propiedad el registro no desempeña ningún papel necesario. Una partición de bienes puede tener lugar sin estar inscrita la propiedad y la propiedad inscrita puede dividirse entre herederos sin que sea necesario que su declaratoria de herederos esté inscrita en el registro. Muchas clases de actos en relación con bienes inmuebles pueden ejecutarse sin necesidad de la intervención del registro, y la partición es uno de estos actos. La omisión de la posibilidad de la inscripción de ser cierta no constituía ningún obstáculo al pleito de partición ante nos.

Cuando hay un número de herederos, y aquí son cuatro o cinco, raras veces ocurrirá que pueda ser dividida convenientemente una casa entre ellos. Por tanto, por lo general cuando hay conflicto entre herederos no se exigiría fuerte prueba para demostrar la necesidad de una división. En el juicio un perito suministró prueba tal vez no muy robusta

tendente a indicar que la casa era indivisible.   También la madre de los demandantes manifestó que ella ofreció vender las participaciones de los menores demandantes a la demandada quien aparentemente tiene título a la mitad de la propiedad.   La demandada es una hija y los demandantes los hijos de un hermano fallecido.   Si bien la prueba no era muy robusta fué suficiente para los fines de una moción de *nonsuit*.   En una moción de *nonsuit* la corte no aquilata la prueba sino que resuelve si existe alguna prueba que sostenga la demanda.   Además el artículo 407 del Código Civil prescribe lo siguiente:

"Artículo 407.—Ningún propietario está obligado a permanecer en la comunidad.   Cada uno de ellos podrá pedir en cualquier tiempo que se divida la cosa común.

"Esto no obstante será válido el pacto de conservar la cosa indivisa por tiempo determinado, que no exceda de diez años.   Este plazo podrá prorrogarse por nueva convención."

Resultaría que los condueños tienen derecho a la división a menos que alguno muestre razones en contrario, y esto es así sea o no divisible la propiedad en cosas de la misma especie.

Los demandantes sugirieron que se hiciera una inspección ocular, indicación que era bastante razonable.   Llegamos a la conclusión de que hubo prueba suficiente para seguir adelante en la celebración del juicio.   Debe revocarse la sentencia y devolverse el caso para la celebración de un nuevo juicio u otros procedimientos no incompatibles con esta opinión.

*Revocada la sentencia apelada y devuelto el caso para nuevo juicio u otros procedimientos.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.